ORDER
On September 26, 2012, M.P.M. was charged as a delinquent youth with felony theft, in violation of Fort Peck Tribes Comprehensive Code of Justice, (“CCOJ”), Title VII, chapter 3, § 320, and with unlawful possession or acquisition or consumption of alcoholic beverages or being under the influence of dangerous drugs by a person under the age of twenty-one in violation of CCOJ Title VII, chapter 4, § 463.
On October 24, 2012, the youth entered into a plea agreement which reduced the theft charge to criminal complicity and solicitation to felony theft, (CCOJ Title VII, Chapter 3 § 320). The Tribal prosecutor and counsel for the youth joined in recommending to the Court a suspended 6-month sentence. The sentence would be conditioned on the youth’s obtaining a drug and alcohol assessment and complying with any recommendations as well as obeying all applicable laws. The Tribal Trial Court rejected the plea agreement as not in the Youth’s best interests and ordered that his mother obtain a mental health assessment and counseling. Both the Tribal prosecutor and the Youth’s counsel joined in appealing the Court’s Order concerning the Youth’s mother as beyond the authority of the Court. We reverse in accordance with the following.
While the family setting may influence the actions and behavior of youth, the extent of the Tribal Court’s authority over a youth’s family is defined by the CCOJ. WTe find no provision in the portion of CCOJ Title IX concerning delinquent youth that authorizes the Court to require parental assessments and counseling. The disposition section, CCOJ Title IX, chapter 3, § 306(d) makes no reference to directives to parents or caregivers. By contrast, the portion of CCOJ Title IX concerning abused, neglected, abandoned or dependent youth does provide for Orders concerning parents and caregivers. For example, CCOJ Title IX, chapter 5, § 506(c) states that a disposition of a youth may include placement of the youth with a parent, legal guardian or custodian, “subject to such counseling, treatment or other services as are deemed necessary to keep the youth in the home.” In the absence of similar language in the CCOJ provisions pertaining to delinquency matters, we find the tribal Trial Court lacks authority to enter the Order in this proceeding.
Therefore, IT IS HEREBY ORDERED the Tribal Court Order directing the mother of M.P.M. to obtain an assessment and counseling is reversed and the matter is remanded to the Tribal Trial Court for further proceedings.